Martin Louie SOLORZANO,
Petitioner—Appellant,

v.

James A. YATES, Warden,
Respondent—
Appellee.

No. 07–55182.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Martin Louie Solorzano, Coalinga, CA, pro se.

Steven D. Matthews, DAG, AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Martin Louie Solorzano, a California state prisoner, appeals pro se from the district court's judgment denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review de novo the district court's denial of a petition for habeas corpus, *see Lopez v. Schriro,* 491 F.3d 1029, 1036 (9th Cir.2007), and we affirm.

The certified issue for appeal is whether the California courts violated Solorzano's constitutional rights by using prior juvenile adjudications to enhance his sentence under California's Three Strikes Law, where he did not have a right to a jury determination of guilt in the juvenile proceedings. Although Solorzano did not present this issue adequately in his opening brief, we exercise our discretion and consider the issue on the merits. *See Koerner v. Grigas,* 328 F.3d 1039, 1048–49 (9th Cir.2003).

We agree with the district court that the use of Solorzano's prior non-jury juvenile adjudications to enhance his sentence was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Boyd v. Newland,* 467 F.3d 1139, 1152 (9th Cir.2006), *cert. denied,* —— U.S. ——, 127 S.Ct. 2249, 167 L.Ed.2d 1089 (2007); *see also Carey v. Musladin,* 549 U.S. 70, 127 S.Ct. 649, 654, 166 L.Ed.2d 482 (2006) ("Given the lack of holdings from this Court ..., it cannot be said that the state court 'unreasonabl[y]

appli[ed] clearly established Federal law.' ").

To the extent that Solorzano's brief raises uncertified issues and can be construed as a request to broaden the district court's certificate of appealability, we deny the request. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

